

**Michael C. Baxter**, Oregon State Bar ID Number 91020
michael@baxterlaw.com
Baxter & Baxter, LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorney for Plaintiff Valentine

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

REBECCA L. VALENTINE,

        Plaintiff,

v.                                                                  Case No.    **'05-801 HA**

EQUIFAX INFORMATION SERVICES                                        COMPLAINT
LLC,                                                                Fair Credit Reporting Act (15 U.S.C. § 1681)
a foreign corporation, and                                          Demand For Jury Trial
RISK MANAGEMENT ALTERNATIVES,
INC.,
a foreign corporation,

        Defendants.

---

    Plaintiff alleges that at all times material:

1.

    This court has jurisdiction under 15 U.S.C. § 1681p.

///

Page 1 COMPLAINT

2.

Plaintiff Rebecca L. Valentine ("plaintiff") is consumer as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

3.

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

4.

Defendant Risk Management Alternatives, Inc. ("RMA") is a person that furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

5.

Plaintiff became aware of false information and accounts on her Equifax credit reports in 2001. Plaintiff disputed the false information and accounts with Equifax in 2001, 2003, 2004 and 2005. Equifax and RMA verified the false information and accounts. Equifax continued reporting the false information and accounts on her credit files.

FIRST CLAIM FOR RELIEF

(FCRA, 15 U.S.C. § 1681n)

(Against Equifax)

6.

Plaintiff realleges paragraphs 1- 5 as if fully set forth herein.

7.

Equifax willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:

a)   failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

b)   failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b;

c)   failing to comply with the disclosure requirements in 15 U.S.C. §1681g; and,

d)   failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

8.

As a result of Equifax's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

9.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

10.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

SECOND CLAIM FOR RELIEF

(FCRA, 15 U.S.C. § 1681o)

(Against Equifax)

11.

Plaintiff realleges paragraphs 1 - 5 as if fully set forth herein.

12.

Equifax negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

b) failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b;

c) failing to comply with the disclosure requirements in 15 U.S.C. §1681g; and,

d) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

13.

As a result of Equifax's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

14.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

15.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

THIRD CLAIM FOR RELIEF

(FCRA, 15 U.S.C. § 1681n)

(Against RMA)

16.

Plaintiff realleges paragraphs 1- 5 as if fully set forth herein.

17.

Defendant RMA willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

18.

As a result of RMA's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

19.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

20.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

FOURTH CLAIM FOR RELIEF

(FCRA, 15 U.S.C. § 1681o)

(Against RMA)

21.

Plaintiff realleges paragraphs 1 - 5 as if fully set forth herein.

22.

Defendant RMA negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

23.

As a result of RMA's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

24.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

25.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

PRAYER

Plaintiff demands a jury trial on all claims. Wherefore plaintiff Rebecca L. Valentine prays for a judgment as follows:

1. On Plaintiff's First Claim for Relief for willful violations of the FCRA against Equifax:

   a. Actual damages in an amount to be determined by the jury;

   b. Punitive damages in an amount to be determined by the jury; and,

   c. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against Equifax:

   a. Actual damages in an amount to be determined by the jury;

   b. Attorney fees and costs.

3. On Plaintiff's Third Claim for Relief for willful violations of the FCRA against RMA:

   a. Actual damages in an amount to be determined by the jury;

   b. Punitive damages in an amount to be determined by the jury; and,

   c. Attorney fees and costs.

  4. On Plaintiff's Fourth Claim for Relief for negligent violations of the FCRA against RMA:

    a. Actual damages in an amount to be determined by the jury;

    b. Attorney fees and costs.

  5. On All Claims for Relief

    a. Costs and Expenses incurred in this action.

DATED this 2nd day of June, 2005.

           */s/ Michael C. Baxter*
           **MICHAEL C. BAXTER**
           OSB #91020
           (503) 297-9031
           **Attorney for Plaintiff Valentine**